FILED

2016 Jun-17  AM 11:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　Plaintiff,<br><br><br>V.<br><br>AUTOMATION PERSONNEL SERVICES, INC.<br>　　　Defendant. | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |

**COMPLAINT**
JURY TRIAL
DEMAND

---

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Andrea Williams ("Williams") who was adversely affected by such practices. As alleged with greater particularity below, Defendant Automation Personnel Services, Inc. ("Defendant") subjected Williams to discrimination on the basis of sex. Defendant's hiring practice has been undertaken with the purpose and had the effect of denying women, including Williams, employment because of their sex in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2.      Some of the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court of the Northern District of Alabama.  This lawsuit is being filed in the Northern District of Alabama because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Southern Division. Upon information and belief, the employment records relevant to such practices are maintained and administered within the jurisdiction of the United States District Court for the Northern District of Alabama, Defendant's management and operative decisions relevant to such practices were made within the jurisdiction of the Northern District of Alabama, and Defendant resides and has its principal office in the Northern District of Alabama.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the

2

administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Automation Personnel Services, Inc. , has procured employees for a covered employer, within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

**ADMINISTRATIVE PROCEDURES**

5.      More than thirty days prior to the institution of this lawsuit, Williams filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

6.      On January 29, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

7.      The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

8.      On March 30, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

3

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10.      Since at least July 2012, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 2000e-2(a)(2) and in violation of Section 703(b) of Title VII, 42 U.S.C. § 2000e-2(b). Specifically, Defendant failed or refused to refer for employment and otherwise discriminated against Williams because of her sex.

(a) On July 11, 2012, both Williams and an authorized representative of Defendant attended a career fair at the Lafayette Business & Career Solutions Center in Lafayette, Louisiana;

(b)  Williams sought as part of the career fair to make application for positions advertised by Defendant as related to shipping and receiving with an employer in the fiberglass grating business;

(c)  Defendant, as part of the career fair, solicited, received and assessed applications for positions advertised by Defendant as related to shipping and receiving with an employer in the fiberglass grating business;

(d)  Williams' application was not accepted by Defendant and the authorized representative told Williams that "this is a man's job"; the job is "not suitable for women"; "chemicals can be smelled from a mile away"; and "the work is

difficult;"

(e)   Williams assured the recruiter that she met all qualifications for the shipping/receiving position, but her requests to apply were denied by Defendant;

(f)  Defendant declined to provide an application to Williams, declined to offer Williams an interview, and ultimately refused to hire, refer or consider Williams for any position with the employer in the fiberglass grating business.

(g) Defendant hired or referred approximately fifty-five (55) applicants for that employer between June 2012 and December 2012, but of that number hired only one female applicant;

11.    The effect of the practices complained of in paragraph ten (10) above has been to deprive Williams of equal employment opportunities because of her sex.

12.    The unlawful employment practices complained of in paragraph ten (10) above were intentional.

13.    The unlawful employment practices complained of in paragraph ten (10) above were done with malice or with reckless indifference to the federally protected rights of Williams.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discriminatory hiring practices by refusing to hire females for employment because of their sex, and any other employment practices which discriminate on the basis of sex.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Williams whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful-place hiring, and, where appropriate, front pay and instatement.

D.     Order Defendant to make Williams whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs ten (10) through thirteen (13) above, including job search expenses, in amounts to be determined at trial.

E.     Order Defendant to make Williams whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs ten (10) through thirteen (13) above, including

6

emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, and humiliation, in amounts to be determined at trial.

      F.     Order Defendant to pay Williams punitive damages for its malicious and reckless conduct described in paragraphs ten (10) through thirteen (13) above, in amounts to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper in the public interest.

      H.     Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**RESPECTFULLY SUBMITTED,**

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity
Commission
131 M. Street E
Washington, DC 20507

C. EMANUEL SMITH
(MS Bar # 7473)
Regional Attorney


MARSHA L. RUCKER
(Pa. Bar # 90041)
Supervisory Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone:   (205) 212-2045
Facsimile:   (205) 212-2041

8