FILED

2016 Sep-08  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 2:16-cv-00996-LSC** |
| **AUTOMATION PERSONNEL SERVICES, INC.** | ) ) ) | |
| **Defendant.** | ) ) | |

## ANSWER

COMES NOW Defendant, **Automation Personnel Services, Inc.**, by and through the undersigned counsel, and for answer to the Plaintiff's Complaint, and to each Count and Paragraph thereof, sets down and assigns the following separate and several defenses without waiving any substantive or procedural deficiencies in the Plaintiffs' Complaint:

### Jurisdiction and Venue

1.  Defendant admits Plaintiff brings this action pursuant to the enumerated statutes, yet Defendant denies Plaintiff is entitled to any relief.

2.  Defendant admits Plaintiff sets forth a jurisdictional basis for its claims and admits venue of this action is properly placed in the Northern District

4122405v.1

of Alabama, Southern Division, yet Defendant denies Plaintiff is entitled to any relief.

## Parties

3.  Defendant admits the allegations contained in this paragraph.

4.  Defendant admits the allegations contained in this paragraph.

## Administrative Remedies

5.  Defendant admits the allegations contained in this paragraph. However, Defendant denies it engaged in any discrimination.

6.  Defendant admits the allegations contained in this paragraph. However, Defendant denies it engaged in any discrimination.

7.  Defendant admits the allegations contained in this paragraph.

8.  Defendant admits the allegations contained in this paragraph.

9.  Defendant admits the allegations contained in this paragraph. However, Defendant denies it engaged in any discrimination.

## Statement of Claims

10.  Defendant denies the allegations of this paragraph and demands strict proof thereof.

     (a)  Defendant denies the allegations of this paragraph and demands strict proof thereof.

4122405v.1

(b)     Defendant denies the allegations of this paragraph and demands strict proof thereof.

(c)     Defendant admits that as part of a career fair Defendant solicited, received, and assessed applications for various positions, but Defendant denies any shipping and receiving positions were available on July 11, 2012.  Defendant denies any remaining allegations contained in this paragraph and demands strict proof thereof.

(d)     Defendant denies the allegations of this paragraph and demands strict proof thereof.

(e)     Defendant denies the allegations of this paragraph and demands strict proof thereof.

(f)     Defendant denies the allegations of this paragraph and demands strict proof thereof.

(g)     Defendant denies the allegations of this paragraph and demands strict proof thereof.

11.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

12.     Defendant denies the allegations of this paragraph and demands strict proof thereof.

4122405v.1

13.    Defendant denies the allegations of this paragraph and demands strict proof thereof.

WHEREFORE, Defendant denies Plaintiff is entitled to judgment or any other relief requested in the Prayer for Relief.  Further, Defendant denies Plaintiff has stated any cause of action against Defendant and has failed to allege any right to the legal remedies, injunctive or declaratory relief sought in the paragraphs of the Complaint.  Further, Defendant denies Plaintiff has suffered any irreparable injury, and denies Defendant has engaged in any unlawful policy and practice, and Plaintiff is not entitled to any of the requested relief.  Further, Plaintiff has failed to allege any allegations or alleged acts of wrongdoing which would give rise to any equitable relief, punitive, or compensatory damages or for the recovery of costs and attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant avers it is not guilty of the matters and things alleged in Plaintiff's Complaint and demands strict proof thereof.

### SECOND DEFENSE

The Complaint fails to state a claim against Defendant upon which relief may be granted.

4122405v.1

## THIRD DEFENSE

Defendant denies it engaged in any wrongful act with malice and/or reckless indifference against Plaintiff

## FOURTH DEFENSE

Defendant further pleads the limitations on compensatory and punitive damage awards pursuant to the 1991 amendments of the Civil Rights Act.

## FIFTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to plead all conditions precedent to her claims for relief.

## SIXTH DEFENSE

Plaintiff has failed to adequately mitigate her damages.

## SEVENTH DEFENSE

Defendant pleads the applicable statute of limitations to the extent they may apply.

## EIGHTH DEFENSE

Defendant did not engage in discriminatory conduct toward the Plaintiff.

## NINTH DEFENSE

Defendant reserves the right to amend this Answer following the completion of discovery in this matter.

## TENTH DEFENSE

The Complaint states no cause of action against the Defendant by Plaintiff's failure to allege what parts or portions of the U.S. Constitution or other federal law have been violated by the Defendant.

## ELEVENTH DEFENSE

The Complaint is due to be dismissed based upon the shot-gun, conclusory allegations stated as opposed to specific instances of wrongful conduct rising to the level of a violation of the U.S. Constitution.  Oladinende v. City of Birmingham, 963 F.2d 1481 (11th Cir. 1992).

## TWELFTH DEFENSE

Defendant pleads waiver, estoppel, release, res judicata and collateral estoppel, to the extent they may apply.

## THIRTEENTH DEFENSE

Defendant pleads lack of standing, lack of justiciable controversy, lack of capacity, ripeness, lack of adverse employment decision, insufficiency of process, and insufficiency of service of process, to the extent they may apply.

## FOURTEENTH DEFENSE

An award of punitive damages is not available against this Defendant due to the Plaintiff's failure to allege that acts were taken with "malice and/or reckless indifference."

4122405v.1

## FIFTEENTH DEFENSE

Defendant denies any basis in fact or law for an award of damages against it.

## SIXTEENTH DEFENSE

Any damages with respect to which a claim is asserted against Defendant, result from acts, omissions, or events other than any alleged acts or omissions of the Defendant.

## SEVENTEENTH DEFENSE

Plaintiff cannot recover punitive damages against this Defendant because any such award would be penal in nature and would violate the Defendant's constitutional rights protected under the Alabama Constitution of 1901 and the Constitution of the United States, unless this Defendant is afforded the same procedural safeguards as are criminal defendants, including but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of proof beyond a reasonable doubt.

## EIGHTEENTH DEFENSE

Defendant pleads the constitutional limitations set forth in BMW of North Alabama, Inc. v. Gore decided by the United States Supreme Court, as the determination of the amount or proper circumstances for an award of punitive damages.  Failure to consider these limitations would deny this Defendant due

4122405v.1

process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of Alabama.

## NINETEENTH DEFENSE

Awarding punitive damages in this case against this Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## TWENTIETH DEFENSE

To award punitive damages against the Defendant in this case would have a chilling effect upon the Defendant's right to open access to the courts of this state, in violation of the United States Constitution and Alabama Constitution, separately and severally.

## TWENTY-FIRST DEFENSE

To award punitive damages against the Defendant in this case would violate the Contracts Clause of Article I, § 10 of the United States Constitution, as an award of punitive damages would impair the contractual obligations arising out of the transaction between the Plaintiff and the Defendant.

4122405v.1

## TWENTY-SECOND DEFENSE

Plaintiff is barred from the recovery of special damages because she has failed to plead them in the manner required by the Federal Rules of Civil Procedure.

## TWENTY-THIRD DEFENSE

All actions taken by Defendant were based upon legitimate, non-discriminatory reasons, not Plaintiff's gender.  Defendant's actions were not a pretext for gender discrimination.

## TWENTY-FOURTH DEFENSE

Defendant denies it is guilty of conduct for which punitive damages could or should be awarded and denies Plaintiff has produced clear and convincing evidence to support or sustain an award of punitive damages against this Defendant.

## TWENTY-FIFTH DEFENSE

Plaintiff cannot recover punitive damages, because Defendant did not know or believe any of its alleged actions may have been in violation of federal law.

## TWENTY-SIXTH DEFENSE

Defendant reserves any additional and further defenses as may constitute an avoidance, or affirmative defense as may be revealed during discovery or upon receipt of additional information.

## **TWENTY-SEVENTH DEFENSE**

Plaintiff's claims may be subject to binding arbitration and therefore should be dismissed.

## **TWENTY-EIGHTH DEFENSE**

The Complaint contains a misjoinder of parties and is due to be dismissed.

## **TWENTY-NINTH DEFENSE**

The damages asserted on behalf of the Plaintiff are the result of intervening and/or superseding causes.

## **THIRTIETH DEFENSE**

Anything not specifically admitted herein and which is not otherwise clear from these responses is denied.

Respectfully submitted this 8th day of September, 2016.

/s/Richard E. Trewhella, Jr.
Richard E. Trewhella, Jr., Esq. (ASB-9288-I45T)
Tamula R. Yelling, Esq. (ASB-9447-E61T)
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
Attorneys for Defendant
2 Chase Corporate Drive, Suite 120
Birmingham, Alabama 35244
(205) 226-5462
rtrewhella@constangy.com
tyelling@constangy.com

4122405v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed a true and correct copy of the foregoing, using the Court's CM/ECF system, which will automatically send e-mail notification of said filing to:

C. Emanuel Smith, Esq.
Marsha L. Rucker, Esq.
U.S. Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205

P. David Lopez, Esq.
James L. Lee, Esq.
Gwendolyn Young Reams, Esq.
U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

This 8th day of September, 2016.

*/s/Richard E. Trewhella, Jr.*
Richard E. Trewhella, Jr., Esq.

4122405v.1