

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **Civil Action No. 2:16-cv-00996-LSC OPPOSED** |
| **AUTOMATION PERSONNEL SERVICES, INC.** | ) ) ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, OR, ALTERNATIVELY, TO QUASH DEFENDANT'S SUBPOENAS

Defendant's effort to justify its subpoenas is unavailing. Defendant seeks information from Ms. Williams' former employers to support an after-acquired evidence defense that Defendant has not raised and which is already waived. In addition, Defendant seeks to force third parties to provide information that is not relevant or proportional to the needs of this case. Defendant can obtain from the EEOC through discovery the information that may be relevant to this case. Defendant's exceedingly broad subpoenas constitute an improper fishing expedition.

## ARGUMENT

### A. Defendant Seeks After-Acquired Evidence Despite Not Timely Raising This Defense in Its Answer

Defendant seeks evidence to support an after-acquired evidence defense. Defendant waived this potential defense, however, by failing to raise it in Defendant's Answer and by failing to seek to amend its Answer before the Court's deadline of December 23, 2016 to do so.

The after-acquired evidence doctrine is an affirmative defense that must be pled. *Holland v. Gee*, 677 F.3d 1047, 1065 (11th Cir. 2012). In this Court's Scheduling Order dated October 4, 2016, no defenses or claims could be added by Defendant after December 23, 2016. (Doc. 12). Defendant never raised an after-acquired evidence defense in its Answer and did not raise this issue until it responded to Plaintiff's Motion on March 6, 2017. Defendant waived this defense and cannot now rely on an after-acquired defense in an attempt to justify the relevance of its subpoena requests to Ms. Williams' former employers.

Moreover, in *Daugherty v. Warehouse Home Furnishings Distributors, Inc.*, this Court discussed the Eleventh Circuit's parameters for obtaining evidence based on the after-acquired evidence doctrine. No. 1:12-CV-883-VEH, 2013 WL 5960853, at *3 (N.D. Ala. Nov. 6, 2013); citing *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362-63 (1995). In order to raise the after-acquired

evidence doctrine as an affirmative defense, the *employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order. Daugherty*, 2013 WL at *3. The Court in *Daugherty* reasoned that since the defendant expressly included the affirmative defense of after-acquired evidence in its answer, plaintiff had sufficient notice. *Id. See also King v. CVS Caremark Corp.*, No. 1:12-CV-1715-VEH, 2015 WL 12778000, at *10 (N.D. Ala. Feb. 8, 2015) (Plaintiff only had sufficient notice of defendant's after-acquired evidence defense when defendant raised this issue as an affirmative defense in its answer).

Unlike the defendants in *Daugherty and King*, Automation never raised an after-acquired evidence defense in its Answer. Therefore, Defendant's insistence on needing all documents from seven of Ms. Williams' former employers in order to conduct a fishing expedition, hoping to find misrepresentations by Ms. Williams, is not a valid basis for obtaining these records.

## B. Defendant's Subpoenas Exceed the Scope of Discovery

Under the Federal Rules of Civil Procedure, 2016 amendments, Rule 26(b) limits the scope of discovery to only relevant, non-privileged, information that is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefits. Here, Defendant's subpoenas seek information that is overbroad and not proportional to the needs of this case.

### i.   *Defendant's admitted fishing expedition is improper*

Defendant's admitted fishing expedition for information exceeds the limitations of Rule 26(b) to evidence that is relevant and proportional to the needs of this case. The information requested by Defendant in its subpoenas is not related to any defense raised by Automation in its Answer to the EEOC's Complaint.

The information sought by Defendant does not relate to any claim or defense in this case.  In *Lundberg v. Rogue Tavern*, Civ. No.: 2:11-CV-0282-VEH, Doc. 21 at **5-7 (N.D. Ala. Aug. 12, 2011) the Court entered a protective order forbidding similar sweeping discovery from the plaintiff's previous employers. Similar to the present case, the plaintiff in *Lundberg* argued that the subpoenas were overly broad, sought irrelevant information, and subjected her to annoyance, embarrassment, oppression, and undue burden under Federal Rule of Civil Procedure 26(c). *Id.* at *5. The defendant argued that the discovery was permissible for a multitude of reasons, including "after-evidence/credibility, mitigation of damages, emotional distress damages, impeachment, and verification of information provided by Ms. Lundberg." *Id.* The Court balanced the parties' competing interests and entered a protective order forbidding the discovery.  *Id.* at *5-7. The Court concluded that the defendant's efforts to obtain "such sweeping

discovery from former employers based upon a merely theoretical after-acquired evidence defense is not reasonably calculated to lead to the discovery of admissible evidence and is overly broad." *Id.*

In *Lundberg*, the Court noted that "searching for evidence to support vague impeachment/credibility issues because, *e.g.*, [the plaintiff] may have been mistaken, incomplete, or even untruthful when filling out another employer's job application, is simply too disconnected to this lawsuit to be discoverable, especially given this court's duty to weigh the parties' divergent interests." *Id.* at **6-8 (citing *e.g.*, *E.E.O.C. v. Jack Marshall Foods, Inc.*, No. 09-0160-WS-M, 2010 WL 55635, at *2 (S.D. Ala. Jan. 4, 2010)).

The Court applied the Supreme Court's caution that "'[t]he concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims under the Act is not an insubstantial one,' but one that can be deterred by 'invok[ing] the appropriate provisions of the Federal Rules of Civil Procedure.'" *Lundberg*, Civ. No.: 2:11-CV-0282-VEH, at **5-7 (quoting *Jack Marshall Foods*, 2010 WL 55635, at *5) (quoting *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 363 (1995)). The Court also quoted Eleventh Circuit precedent, holding that the "'the discovery rules do not permit [a party] to go on a fishing expedition.'" *Id.* (quoting *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006)).

Defendant is not entitled to sweeping discovery in search of after-acquired evidence to impeach Ms. Williams' credibility. Even in cases where qualifications or performance is at issue—they are not in the present case—courts are reluctant to allow defendants to conduct fishing expeditions during discovery. *Lundberg*, Civ. No.: 2:11-CV-0282-VEH, at **5-7; *E.E.O.C. v. Jack Marshall Foods, Inc.*, No. CIV.A. 09-0160-WS-M, 2010 WL 55635, at *3 (S.D. Ala. Jan. 4, 2010) (same); *EEOC v. Southern Haulers*, No.: 11-0056, Doc. 59, at **4-9 (S.D. Ala. May 17, 2012) (same). The court discredited the defendant's reasons as a "suspicionless search for after-acquired evidence." *Id.* at *3-8 (quoting *McKennon*, 513 U.S. at 363; *Linares v. Broward County Sheriff's Office*, 2009 WL 2852585 at *4 (11th Cir. 2009).

### ii.   *Plaintiff will supplement its discovery responses*

Plaintiff has requested copies of Ms. Williams' W-2 forms from the Internal Revenue Service. Once the EEOC receives these documents, it will supplement its discovery responses. Thus, Defendant does not need this information from third-party former employers to prove Ms. Williams' interim earnings.

The Commission does not dispute that Ms. Williams' attempts to find employment and her earned income after Defendant failed to offer her employment are relevant to mitigation and backpay damages. A less intrusive method to obtain this information is to allow the EEOC to supplement its discovery responses or for

Defendant to depose Ms. Williams on the matter of her mitigation efforts. There is no need to issue broad subpoenas for virtually every piece of paper from all of Ms. Williams' subsequent employers for this information.

## CONCLUSION

For the foregoing reasons, the Court should enter a protective order forbidding the discovery, or, alternatively, enter an order quashing the subpoenas.

Dated:        March 10, 2017

> Marsha L. Rucker
> Regional Attorney
> (PA Bar # 90041)
> (205) 212-2046
> marsha.rucker@eeoc.gov
>
> Gerald L. Miller
> Supervisory Trial Attorney
> (AL Bar No.: ASB-1454-E52G)
> (205) 212-2047
> gerald.miller@eeoc.gov
>
> */s/ Kurt S. Fischer*
> KURT S. FISCHER
> Trial Attorney
> (ASB-9772-R72F)
> (205) 212-2043
> kurt.fischer@eeoc.gov
>
> Maneesh Varma
> Senior Trial Attorney
> (DC Bar No. 988521)
> Phone: (205) 212-2044
> maneesh.varma@eeoc.gov

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Birmingham District Office
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Fax: (205) 212-2041

Harriett Oppenheim
Senior Trial Attorney/Lead Counsel
(MS Bar No.: 103149)
(601) 948-8454
harriett.johnson@eeoc.gov

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Dr. A. H. McCoy Federal Building
100 W. Capitol Street, Suite 338
Jackson, Mississippi 39269
Fax: (601) 948-8401

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 10, 2017, I filed the foregoing using the Court's CM/ECF system, which will send electronic notice of this filing to all attorneys of record.

*/s/ Kurt S. Fischer*
KURT S. FISCHER
Attorney for Plaintiff